# W. L. Peart, Administrator of R. H. Reedy, Appellant, v. Daniel J. Reedy.

*Contracts—Family settlements favored.*

All compromises and settlements by families are maintained not only as beneficial to themselves but the law seeks to sustain them as conducing to peace and harmony where they ought most especially to exist.

*Contract — Family settlement — Consideration — Evidence of payment—Statute of limitation.*

Certain mortgages were given by defendant to his brothers and sisters in settlement and division of their father's estate and, subsequently, by a parol family agreement it was agreed that a credit was to be allowed to defendant on each mortgage for services rendered to their father by defendant. *Held*, that if the agreement was made there was a good consideration; that the credit was equivalent to a payment on the mortgage; that a bond showing payments under the alleged family settlement, to others of mortgagees was admissible as part of the res gestæ; and that the statute of limitations did not apply inasmuch as it was not an agreement to pay but an acknowledgment of payment on account of the mortgage.

Argued May 11, 1898. Appeal, No. 110, April T., 1896, by plaintiff, from judgment of C. P. Armstrong Co., March T., 1897, No. 36, on verdict for defendant. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Sci. fa. sur mortgage. Before RAYBURN, P. J.

The facts sufficiently appear in the opinion of the court.

The balance claimed to be due on this mortgage is $200, with interest from June 16, 1875.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (1) refusal of binding

instructions for plaintiff. (2) Refusal of plaintiff's second point, which point is as follows : " 2. That the evidence showing only a parol agreement to allow a credit of $200 on the mortgage, it is nudum pactum, and said agreement is no defense to the mortgage." (3) In refusing plaintiff's third point, which point is as follows : "3. That the mortgage offered in evidence is a specialty, and it cannot be released by parol." (4) In refusing plaintiff's fourth point, which point is as follows : "4. That even if Robert H. Reedy did agree to pay $200 on this mortgage of June 16, 1875, said promise is barred by the statute of limitations." (5) In the general charge as follows : " Now, we say to you as a matter of law, that if this evidence is correct, you believe it, that this arrangement was entered into by R. H. Reedy to pay these $200 to him, and that the way he was to pay it was by giving a credit of $200 upon the mortgage, then the defendant here is entitled to the credit." (6) In admitting the bond and mortgage of Daniel J. Reedy to Anna W. Reedy, and the receipts thereon, said offer, objection and ruling being as follows : " We have two mortgages here which we offer, just the instruments ; there is one from Daniel J. Reedy to Anna W. Reedy, the bond and mortgage. The purpose is to show two receipts on them, dated June 16, 1875. The purpose is, that it is part of the res gestæ, being the transaction here upon which we claim this credit. It is to corroborate our theory and statement as to the fact that there was an agreement entered into with these people at that time. It is all of the same transaction. Mr. Patton : We object to it as irrelevant, being a mortgage and bond from Daniel J. Reedy to Anna W. Reedy, and being res inter alios acta. By the Court : It is not offered for the purpose of showing a payment, but it is only in the nature of persuasive evidence, having happened at the same time, and we think it will have to be admitted. We will overrule the objection and admit the evidence, and on the request of plaintiff, exception allowed and sealed." The receipt covered by the said offer being as follows : " June 16, 1875, received on the within mortgage two hundred dollars being over-work after he was of age. Anna W. Reedy." (7) In the general charge in calling the attention of the jury only to the evidence on part of the defendant and in not calling their attention to the evidence of the plaintiff in rebuttal.

*W. L. Peart*, with him *W. D. Patton*, for appellant.—Any promise by R. H. Reedy to pay a debt which Daniel Reedy, deceased, owed to Daniel J. Reedy was a promise to pay the existing debt of another.

A promise to pay an existing debt of another is a nudum pactum: Conmey v. Macfarlane, 97 Pa. 361.

The real estate of R. H. Reedy was not liable for the debt and there is no evidence that there was any personal estate. There was no consideration for the promise. "A contract without consideration is void:" Shorb v. Shultz, 43 Pa. 207.

A promise to pay the pre-existing debt of another person to his creditors requires a new consideration to support it: Paxson v. Nields, 137 Pa. 385.

An unconditional promise to pay the debt of another is void: Branson v. Kitchenman, 148 Pa. 541, 551.

The contract of R. H. Reedy to give the receipt upon the mortgage was purely voluntary and the court will not execute it: Carhart's Appeal, 78 Pa. 100, 119.

The mortgage being a specialty could not be released in whole or in part by a promise to do so: Miller v. Hemler, 5 W. & S. 486 ; Kidder v. Kidder, 33 Pa. 268.

The promise to enter the receipt upon the mortgage was no satisfaction of the mortgage or any part of it. Nothing but the actual giving of the receipt could avail as R. H. Reedy might change his mind at any time before the actual entry of the receipt: Campbell's Estate, 7 Pa. 100 ; Blackburn v. Ormsby, 41 Pa. 97.

Even a written promise to satisfy a mortgage when due cannot be enforced unless suit is brought within six years after the mortgage becomes due : Furst v. Building Association, 128 Pa. 183.

It is the right of the court to review the evidence in the case and comment upon it in the charge to the jury. It must be done, however, in a fair and impartial way. The court has no right to comment upon the evidence of the defendant and ignore the evidence on the part of the plaintiff.

*J. H. McCain* of *McCain & Christy*, for appellee.

OPINION BY BEAVER, J., October 10, 1898:

The children of Daniel Reedy made amicable partition of the

real estate of their father among themselves. In pursuance thereof, the defendant gave mortgages to his brother and sisters to secure the amount of the difference in value between the portions of said real estate taken by himself and them respectively. The present action is a scire facias upon one of those mortgages. It is alleged that, after the mortgages were given and on the day upon which they were acknowledged, a family meeting was held, in which it was agreed that the defendant should be allowed out of the estate of his father $800 for services rendered by him to his father after he reached his majority, of which said sum his brother and sisters should each pay the sum of $200, making with his own share the entire amount. The mortgage upon which this scire facias was issued was admittedly paid, except $200, so that, if the alleged family arrangement were actually made and the agreement were binding upon the mortgagee, there could be no recovery.

Was such an agreement made? This was the controlling fact in the case and was found by the jury in favor of the defendant. If it was, it was a family agreement—not an agreement between the defendant and his brother. As was observed by Mr. Chief Justice THOMPSON in Shartel's Appeal, 64 Pa. 25: "All compromises and settlements by families are maintained not only as beneficial to themselves but the law seeks to sustain them as conducing to peace and harmony where it ought most especially to exist." The testimony as to the family agreement was clear and the acts of the sisters of the defendant, as shown by their receipts upon the mortgages given by the defendant to them, were corroborative of the oral testimony upon the subject. In the case above cited, the acts of the other heirs in failing to make complaints in regard to the distribution are spoken of as strengthening the presumption that the said distribution was fairly and honestly made. The acts of the other heirs in carrying out the agreement alleged to have been made for the compensation of the defendant for the services rendered to his father, after he attained his majority, were, we think upon the same principle, competent testimony as to the fact of such an agreement having been made. They would, of course, have been irrelevant, if the alleged agreement had been an independent one made between the defendant and the brother whose administrator sued out the scire facias upon the mortgage.

They were offered as part of the res gestæ and, the real question being the family agreement, we think they were properly admitted as such.

The alleged agreement was made about the time the administrator had settled the estate of the father. Whether or not he had funds in his hands out of which the claim of the defendant could have been paid does not appear, but undoubtedly the real estate in the hands of the heirs would have been ultimately liable for the claim of the defendant, whether there were funds in the hands of the administrator out of which it could have been paid or not. There was, therefore, a good and valuable consideration for the agreement. If the agreement were actually made, as the jury has found, it was equivalent to a payment upon the mortgage and the failure of the mortgagee to credit it did not in any sense invalidate the agreement. An acknowledgment of payment upon a mortgage in parol is, of course, binding upon the person making the acknowledgment and is not, in any sense, equivalent to a release of a mortgage, by which we understand the release of the lien of a mortgage is meant. The statute of limitations did not apply, inasmuch as it was not an agreement to pay but an acknowledgment of payment on account of the mortgage.

This disposes of all of the assignments of error, except the seventh, as to which it may be said that the charge of the court is not open to serious objection for failure to call the attention of the jury to the evidence of the plaintiff in rebuttal. This testimony did not in any way seriously deny the agreement under which the defendant claimed the payment of $200. It all related to the failure of the defendant to claim the credit, after the death of his brother and at the first interview with the administrator in regard to the balance due. It was before the jury for their consideration and the effect of it was not in any sense minimized by the court. The jury may have believed, as they could reasonably have done, that the defendant's explanation of his failure to claim the credit at the first effort at settlement was probable and that his conduct was not inconsistent in any way with the alleged agreement.

All things considered, we think the case was fairly submitted to the jury and that their finding should not be disturbed.

Judgment affirmed.